UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL and THELMA BROWN,

    Plaintiffs,

v.

CITIMORTGAGE, INC.,

    Defendants.

                                    /

Case No. 14-14055

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT [3]**

Plaintiffs' suit arises out of the foreclosure of residential property located at 14932 and 14938 Penrod, Detroit, Michigan, 48233 (the "Property) initiated by CitiMortgage, Inc. ("CMI"). Plaintiffs allege, *inter alia*, that CMI (1) failed to follow the requirements set forth under Michigan's foreclosure by advertisement statute, Mich. Comp. Laws. § 600.3201 *et seq*, and (2) made fraudulent misrepresentations with respect to the availability of a loan modification. Plaintiffs seek relief in the form of a judgment setting aside the sheriff's sale or converting the foreclosure by advertisement to a judicial foreclosure.

Currently before the Court is CMI's motion to dismiss Plaintiffs' complaint. (Dkt. # 11). For the reasons stated below, the Court GRANTS CMI's motion.

**I.    FACTS**

On July 22, 1998, Plaintiffs entered into a mortgage loan transaction with John Adams Mortgage Company (the "Lender"). As security for the loan, Plaintiffs executed a promissory note in the amount of $125,900 in favor of the Lender, which was subsequently

transferred to Birmingham Bancorp Mortgage Corporation ("BBMC"). (Def.'s Mot. Ex. 3, 4). The note was secured by a mortgage on the Property in favor of the Lender and its successors and assigns. *Id.* On April 22, 1999, BBMC executed a written assignment of the mortgage to Source One Mortgage Services Corporation ("Source One"). (Def.'s Mot. Ex. 5). The following year, Source One assigned the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), who, on March 4, 2010, assigned all of its "right, title and interest . . . . " to CMI. (Def.'s Mot. Ex. 6, 7). The assignment to CMI was the final transaction establishing the record chain of title.

At some point, Plaintiffs defaulted on their obligations under the note. According to the complaint, "Plaintiffs attempted to avoid foreclosure of the [m]ortgage by requesting loss mitigation alternatives from [CMI] prior to the commencement of the [f]oreclosure, including requests for loan modification and mortgage financial assistance." (Compl. ¶ 20). While the complaint provides only scant details, Plaintiffs suggest that CMI offered a "trial period for a loan modification." (Compl. ¶ 22). For reasons unknown to the Court, it appears as though the trial period never evolved into a formal loan modification, and CMI opted to move forward with the foreclosure process. On September 25, 2014, Plaintiffs allege that the Property was sold at a sheriff's sale. CMI refutes this contention and maintains that, to date, no sale has taken place.

On October 21, 2014, CMI removed this case from the Wayne County Circuit Court to this Court on the basis of diversity jurisdiction. In their complaint, Plaintiffs maintain that CMI made material misrepresentations concerning the availability of a loan modification. Plaintiffs further allege that the foreclosure proceedings instituted by CMI were illegal under Michigan law. On October 27, 2014, CMI filed a motion to dismiss Plaintiffs' complaint.

Plaintiffs submitted their untimely response on November 24.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins.*

*Co.*, 508 F.3d 327, 335 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c))."A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition, documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim*." Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotation marks and citations omitted).

### III. ANALYSIS

As a preliminary matter, the Court notes that Plaintiffs' response contains factual representations having seemingly no connection to this case, arguments unrelated to CMI's motion to dismiss, and legal claims that were not plead in the complaint. For purposes of CMI's motion, the Court is only concerned with the legal claims actually plead in the complaint. The Court thus focuses its analysis accordingly.

#### A. Count I- Wrongful Foreclosure

In Count I, Plaintiffs allege that CMI failed to follow the procedural requirements set forth under Mich. Comp. Laws. § 600.3201 *et seq* before foreclosing on the Property. The crux of this claim appears to hinge on CMI's purported failure "to properly calculate the amount claimed to be due on the date of the notice of foreclosure." (Compl. ¶ 26). Even assuming, *arguendo,* that this naked assertion–which represents the entirety of Plaintiffs' wrongful foreclosure claim–was sufficient to satisfy the pleading standard under *Twombly*, it is legally infirm.

Michigan law requires that a notice of foreclosure by advertisement include "[t]he amount claimed to be due on the mortgage on the date of the notice." Mich. Comp. Laws.§ 600.3212(c). Plaintiffs appear to be suggesting that the notice of foreclosure issued by CMI

incorrectly stated the total amount due and, as a result, was legally invalid. From a pleading perspective, the complaint falls far short of the mark. Indeed, Plaintiffs fail to assert the most basic elements of their claim; namely, (1) the outstanding balance reported on the notice of foreclosure, and/or (2) the balance according to Plaintiffs' records. Moreover, there is no indication how, if at all, this purported discrepancy has impaired Plaintiffs ability to challenge the underlying foreclosure. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations ommitted). Plaintiffs' wrongful foreclosure claim is little more than a series of "naked assertion[s] devoid of further factual enhancement." *Id.*

Finally, even if CMI did fail to strictly adhere to Section 600.3204's requirements, Plaintiffs "must do more than rest [their] case on speculative, harm. [They] must establish prejudice (such as double liability) resulting from [CMI's] failure to adhere to the statute's requirements." *Carmack v. Bank of New York Mellon*, 534 F. App'x 508, 512 (6th Cir. 2013); *see also Kim v. JPMorgan Chase Bank, N.A.,* 825 N.W.2d 329, 337 (Mich. 2012) (To establish an actionable defect under § 600.3204, a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute.") Noticeably absent from Plaintiffs' pleadings is any suggestion of prejudice stemming from a defect in the foreclosure process. For example, "Plaintiff[s] [have] not [alleged] that [some third-party] is attempting to collect on the note, or intends to collect on the note." *Cable v. Mortgage Electronic Registration Systems,* No. 11-14877, WL 2374236, *4 (E.D. Mich. June 22, 2012) (Denying the plaintiff's prejudice argument based on "mere conjecture that he could be subject to double liability . . . .").

5

Accordingly, Plaintiffs have failed to state a claim for wrongful foreclosure, and the Court thus dismisses Count I.

### B. Count II- Breach of Contract

Count II advances a claim for breach of an implied duty of good faith and faith dealing based upon CMI's denial of Plaintiffs' request for "loss mitigation assistance." (Compl. ¶ 30(a)). Plaintiffs maintain that CMI promised to offer a permanent loan modification if certain conditions were satisfied, but later refused to do so despite Plaintiffs' fulfillment of their agreement. (Def.'s Mot. 21). This claim likewise fails for a number of reasons. First, the mortgage and note, (the only binding contracts that Plaintiffs allege exist between the Parties) do not contain a provision requiring CMI to engage in any level of "loss mitigation assistance." To the extent that Plaintiffs are seeking to enforce an oral promise of a CMI employee, the statute of frauds bars their claim. Under Michigan's statute of frauds, "a financial institution's promise regarding financial accommodation, like a loan modification, is not enforceable unless it is (1) in writing, and (2) signed by an authorized agent of the financial institution." *Heikkinen v. Bank of Am., N.A.,* 11-12532, 2012 WL 628608, at * 6-7 (E.D. Mich. Feb. 27, 2012) (citing Mich. Comp. Laws. § 566.132(2)(c)(3)). This statute "plainly states that a party is precluded from bringing a claim–no matter its label–against a financial institution to enforce the terms of an oral promise." *Crown Tech Park v. D & N Bank, FSB,* 619 N.W.2d 66,72 (Mich. Ct. App. 2000). Because Plaintiffs present no evidence of a writing signed by CMI promising to modify the terms of their agreement, any claims based on this alleged promise must be and are dismissed.

Finally, no independent cause of action for breach of an implied covenant of good faith and fair dealing is recognized under Michigan law. *Belle Isle Grill Corp. v. City of Detroit,*

666 N.W.2d 271, 279 (Mich. Ct. App. 2003). Therefore, Count II is dismissed.

**C. Count II- Fraudulent Misrepresentation**

Finally, in Count III of the complaint, Plaintiffs allege that CMI made false statements of fact "intended to induce the Plaintiffs from defending the [f]oreclosure in reliance on the [r]epresentations . . . . " (Compl. ¶ 34). CMI argues that the fraud allegations were not plead with sufficient particularity under the Federal Rules of Civil Procedure. The Court agrees.

When asserting a claim sounding in fraud, Rule 9 of the Federal Rules requires a party to state with particularity the circumstances surrounding the fraud. Fed.R.Civ.P. 9(b). The complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir.2009) (internal quotations and citation omitted). In addition, a party must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993) (internal quotations and citations omitted).

Under Michigan law, to assert a viable claim of fraudulent misrepresentation a plaintiff must show:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

7

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553 (Mich. Ct. App. 1999). Here, Plaintiffs' fraud claim, consisting of a mere five conclusory sentences, falls miserably short of the rigorous pleading standard mandated under Rule 9. Indeed, Plaintiffs fail to identify the content of the allegedly fraudulent statements made by CMI with any level of specificity, alleging only that "the representations [concerning] loss mitigation alternatives . . . . were false statements of fact." (Compl. ¶ 21, 31). This, in addition to Plaintiffs failure to plausibly allege any of the other circumstances surrounding the fraudulent misrepresentation, leads only to one logical conclusion; namely, that Plaintiffs have not satisfied their burden at the pleading stage.

Moreover, Plaintiffs are clear in their explanation of the allegations related to their fraud claim that it is based entirely on CMI's failure to engage in loss mitigation alternatives, which, as the Court previously explained, cannot support a private cause of action under Michigan's statute of frauds.

Accordingly, the Court dismisses Count III.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS CMI's motion to dismiss the complaint. (Dkt. # 3). This order closes the case in its entirety.


SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: January 10, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2015, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager